UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    Criminal No. 25-20543

v.

                                      Honorable Judith E. Levy

D-1 CEMHAN BIRICIK,

       Defendant.

---

**GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S LETTER MOTION FOR MODIFICATION OF BAIL CONDITIONS [ECF No. 61]**

---

Defendant Cemhan Biricik, the alleged mastermind of a half-billion-dollar healthcare billing fraud that caused upwards of $50M in losses, seeks review of his bond conditions via two-paragraph letter motion, requesting removal of his tether (ECF No. 61, PageID.532). Biricik was previously detained by an out of district magistrate judge; the tether itself was imposed by this Court as a condition necessary to ensure his continued appearance, after extensive briefing and oral argument. *See* ECF No. 24, 31.

Because Biricik offers no new information that has a "material bearing on the issue," his request should be denied. 18 U.S.C. § 3142(f)(2).

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

                                          Criminal No. 25-20543

v.

                                          Honorable Judith E. Levy

CEMHAN BIRICIK,

      Defendant.

_____/

### Government's Brief in Support of its Response Opposing Defendant's Letter-Motion for Modification of Bail Conditions [ECF No. 61]

The government respectfully opposes the defendant's request to remove his tether. While the Court may amend bond conditions "at any time" "to impose additional or different conditions of release," 18 U.S.C. § 3142(c)(3), a defendant seeking modification must satisfy § 3142(f)(2)'s threshold requirement of presenting new information that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." *United States v. Mays*, No. 23-cr-20521, 2024 WL 2863246, at *7 (E.D. Mich. June 6, 2024) (Goldsmith, J.) (quoting *United States v. Peguero*, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) (collecting cases)); *see also United States v. Brannon*, No. 25-20560, 2026 WL 661964, at *3 (E.D. Mich. Mar. 9,

2026) (Berg, J.) (citing *United States v. Ebonka*, 733 F.Supp.3d 967, 969 (D. Nev. 2024) (collecting cases))).   Biricik has not come close to meeting that threshold. His letter-motion identifies nothing new, and certainly nothing material to the question of whether he poses a risk of non-appearance.   He offers only that (1) he has been "a model of compliance thus far," and (2) he faces some unspecified degree of professional inconvenience with respect to both his photography business and his burgeoning AI company.

As to the fact of his compliance, that alone is insufficient to relax his conditions. As Judge Goldsmith noted in *Mays*, "such an argument would mean that a defendant could earn a relaxation of bond conditions simply by complying with existing bond conditions. There is no logic to that proposition, and no supporting authority." 2024 WL 2863246, at *7; see also *Ebonka*, 733 F.Supp.3d 967, 970 (quoting *United States v. Kube*, No. 19-cr-00257, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020) ("The fact that Defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing")).

On the question of professional inconvenience, broadly, these are the same facts and circumstances that existed when this Court imposed the ankle bracelet as

3

a condition of his release. The specific challenges Biricik raises (i.e., that the bracelet makes it harder to attract photography clients, that Florida summers make concealment uncomfortable, and that it may give investors in his new AI venture pause) were all entirely foreseeable at the time conditions were set and do not constitute new information having any bearing on his risk of flight. Because the defendant cannot satisfy the threshold statutory requirement, the Court need not proceed further.

Even if the Court were to look past the threshold issue, the underlying flight risk analysis is unchanged and, if anything, has grown more acute. The government previously sought Biricik's outright detention, and Northern District of Florida magistrate judge Midori Lowry agreed. Following briefing and oral argument, this Court released him, with electronic monitoring serving as one of the key conditions intended to provide assurance of his future appearance. The reasons for that condition remain fully intact: Biricik faces a guidelines range the government estimates may exceed 20 years in custody; he has familial ties to Turkey and documented travel to other foreign countries; and the government's tracing of fraud proceeds—including cryptocurrency holdings and investment accounts—remains ongoing, meaning he potentially retains access to resources sufficient to finance his flight. Particularly where he claims monthly expenses of $31K (*See*

ECF No. 44, PageID.354) and has been less than forthcoming with the details of his finances (*See* ECF No. 62, PageID.542).

His letter-motion, far from allaying the government's concerns, underscores them: by the defense's own account, Biricik seeks to travel regularly between South Florida (his district of supervision), New York, Los Angeles, and Las Vegas in connection with his photography business. Similarly, he desires to take meetings with investors and potential business partners, presumably in-person given his concerns about the visibility of an ankle bracelet; such meetings would also likely require travel. The GPS tether is a safeguard against flight by a defendant who intends to be highly mobile, and who has strong incentives to flee. Allowing Biricik to frequent international airports, regardless of whether his trips and itineraries are reported in advance, dramatically increases the risk of his departing the country on a secondary passport. It would also make it far more difficult for the government to intervene to prevent such an attempt, as the fact of his travel toward an international airport would, itself, no longer be anomalous.

Moreover, the defendant's stated justifications for removal of his tether do not withstand scrutiny. The indictment in this case is a matter of significant public record and the Department of Justice press release announcing the indictment is readily discoverable by anyone performing even cursory research into his

5

background. *See* https://www.justice.gov/usao-edmi/pr/ceo-and-medical-director-charged-500m-covid-19-test-billing-fraud (last visited May 18, 2026). Any prospective photography client or tech investor conducting basic due diligence would find it immediately—as recently as May 18, 2026, it was the first hit when searching his full name in Google. To the extent his business prospects are *actually* impaired (which is thus far an unsupported assertion), the publicly reported allegations that he was behind a massive healthcare billing fraud are more likely to be the source of his woes than his tether.

It is important to recognize that the goal in setting conditions of release is to choose the "least restrictive ... combination of conditions[ ] that [will] ... reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Thus, while choosing the "least restrictive" combination of condition does require some analysis of the level of restriction placed on a defendant, the focus here must be on what combination of conditions will accomplish the goal of ensuring the defendant's appearance, and not on the degree to which those conditions may incidentally burden the defendant. Here, even assuming the information regarding his employment *is* new, it is not "material." A visible ankle bracelet making it, arguably, more difficult to land clients or investor funding does nothing to change

the analysis that led to this Court imposing the location monitoring condition in the first instance.

The government respectfully requests that the Court leave Biricik's GPS tether requirement in place and deny the request to modify his conditions.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Ryan A. Particka*
Ryan A. Particka
Regina R. McCullough
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9635
Ryan.particka@usdoj.gov

Date:   May 20, 2026

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will provide electronic notice to counsel of record.

s/ Ryan A. Particka
Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9635
Ryan.particka@usdoj.gov

8