UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Cemhan "Jimmy" Biricik,
Dr. Martin Perlin,

Defendants.

Case 5:25-cr-20543
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND FOR APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

Jeff Chabrowe ("Movant"), counsel of record for Defendant Cemhan Biricik, moves under E.D. Mich. LCrR 57.1(a) and (d) and 18 U.S.C. § 3006A(c) for leave to withdraw as counsel and for the appointment of counsel for Defendant Cemhan Biricik under the Criminal Justice Act. In support, Movant states:

1. Defendant Biricik (Mr. Biricik) is charged in the Indictment (ECF 1) with conspiracy to commit health care fraud, 18 U.S.C. § 1349 (Count One), and health care fraud, 18 U.S.C. § 1347 (Counts Two through Fifty-Nine).

2. Mr. Biricik retained Movant, who entered an appearance on August 28, 2025 (ECF 15).

3. Mr. Biricik is no longer financially able to retain private counsel for the remainder of this case.

4. On April 20, 2026, the Court denied Mr. Biricik's motion for release of funds (ECF 62). Those funds therefore are currently not available to pay for counsel. Mr. Biricik has filed an objection to the denial with the Court, which is still pending (ECF 64). Nothing in this filing is intended to waive or affect it.

5. Under 18 U.S.C. § 3006A(c), if at any stage of the proceedings the Court finds that a defendant is financially unable to pay counsel whom he had retained, the Court may appoint counsel. Mr. Biricik will submit a completed financial affidavit (CJA Form 23) for the Court's review. Movant requests that the affidavit be reviewed ex parte and in camera.

6. Under E.D. Mich. LcrR 57.1(a), counsel who has entered a post-indictment appearance must continue to represent the defendant unless the Court grants leave to withdraw. Under E.D. Mich LcrR 57.1(d), withdrawal requires a written motion served on the defendant personally or at his last-known address and on all other parties.

7. Mr. Biricik consents to Movant's withdrawal upon the appointment of new counsel.

8. Pursuant to E.D. Mich. LR 12.1(a) and LcrR 7.1(a), Movant conferred with government counsel, Regina McCullough and Ryan A. Particka, who state that the Government takes no position on this Motion.

9. Separately, the parties have agreed to request that the trial in this matter be continued to July 2027, and they intend to submit a stipulation and proposed order to that effect. The relief sought in this Motion is consistent with that proposed trial date, which would give appointed counsel reasonable time to review discovery and prepare for trial. Mr. Biricik does not oppose the continuance.

10. Withdrawal will not unduly delay trial, prejudice any party, or otherwise disserve the interests of justice. E.D. Mich. LcrR 57.1(d). Movant asks that withdrawal take effect upon the appearance of appointed counsel, so that Mr. Biricik remains represented throughout. Movant will promptly transfer the complete client file, including discovery, to successor counsel.

11. Consistent with Michigan Rule of Professional Conduct 1.16, Movant has given Mr. Biricik notice of this Motion and has taken steps reasonably practicable to protect his interests. Movant will serve this motion on Mr. Biricik personally or at his last-known address in Boca Raton, FL 33496, as required by E.D. Mich. LcrR 57.1(d).

**WHEREFORE**, Movant respectfully requests that the Court:

(a) determine Mr. Biricik's eligibility for appointed counsel under 18 U.S.C. § 3006A;

(b) upon a finding of eligibility, appoint counsel under the Criminal Justice Act;

(c) grant Jeff Chabrowe leave to withdraw as counsel of record, effective upon the appearance of appointed counsel, and

(d) enter the proposed order submitted through the Court's ECF Proposed Orders utility.

Dated: October 15, 2026
New York, NY

Respectfully submitted,

Jeff Chabrowe

**JEFFREY CHABROWE, ESQ.**
**LAW OFFICES OF JEFFREY CHABROWE**
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
jeff@chabrowe.com
***Counsel for Cemhan Biricik***

cc: Regina McCullough, Esq.
regina.mccullough@usdoj.gov
Ryan A. Particka
ryan.particka@usdoj.gov

# BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND FOR APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

## STATEMENT OF THE ISSUE PRESENTED

Should the Court find that Defendant Cemhan Biricik is financially unable to pay the counsel he retained, appoint counsel for him under the Criminal Justice Act, 18 U.S.C. § 3006A(c), and grant his retained counsel leave to withdraw effective upon the appearance of appointed counsel?

Movant answers: Yes.

The Government takes no position.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

18 U.S.C. § 3006A(b), (c)
Fed. R. Crim. P. 44(a)
E.D. Mich. LCrR 57.1(a), (d)
Mich. R. Prof'l Conduct 1.16(d)

## ARGUMENT

### I. Mr. Biricik Is Eligible for Appointed Counsel Under 18 U.S.C. § 3006A(c).

The Criminal Justice Act provides that "[i]f at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." 18 U.S.C. § 3006A(c). Subsection (b), in turn, directs the court to appoint counsel "if satisfied after

appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b). *See also* Fed. R. Crim. P. 44(a) (a defendant who is unable to obtain counsel is entitled to appointed counsel at every stage of the proceeding).

Mr. Biricik retained Movant, who entered an appearance on August 28, 2025 (ECF 15). Mr. Biricik is no longer financially able to retain private counsel for the remainder of this case. On April 20, 2026, the Court denied his motion for release of funds (ECF 62), so those funds are not currently available to pay counsel. Mr. Biricik's objection to that ruling remains pending (ECF 64), and nothing in this Motion or Brief is intended to waive or affect it. Mr. Biricik will submit a completed financial affidavit (CJA Form 23), and Movant asks that the Court review it ex parte and in camera. On that showing, the Court should find that Mr. Biricik is financially unable to pay retained counsel and appoint counsel under § 3006A(c).

## II. Withdrawal Effective Upon the Appearance of Appointed Counsel Satisfies Local Criminal Rule 57.1.

An attorney who has entered a post-indictment appearance must continue to represent the defendant unless the Court grants leave to withdraw. E.D. Mich. LCrR 57.1(a). Withdrawal requires a written motion served on the defendant personally or at his last-known address and on all other parties, and the Court may deny the motion if withdrawal "would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." E.D. Mich. LCrR 57.1(d).

None of those concerns is present here. Mr. Biricik consents to Movant's withdrawal upon the appointment of new counsel, and the Government takes no position on the Motion. The parties intend to jointly request that trial be continued to July 2027, which would give appointed counsel reasonable time to review discovery and prepare for trial. Because Movant asks that withdrawal take effect only upon the appearance of appointed counsel, Mr. Biricik will remain represented throughout, and Movant will promptly transfer the complete client file, including discovery, to successor counsel. *See* Mich. R. Prof'l Conduct 1.16(d). Movant is serving the Motion on Mr. Biricik at his last-known address and on all parties.

**CONCLUSION**

For these reasons, Movant respectfully requests that the Court determine Mr. Biricik's eligibility for appointed counsel under 18 U.S.C. § 3006A; upon a finding of eligibility, appoint counsel under the Criminal Justice Act; grant Jeff Chabrowe leave to withdraw as counsel of record, effective upon the appearance of appointed counsel; and enter the proposed order.

Dated: October 15, 2026
New York, NY

Respectfully submitted,

Jeff Chabrowe

**JEFFREY CHABROWE, ESQ.**
**LAW OFFICES OF JEFFREY CHABROWE**
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
jeff@chabrowe.com
***Counsel for Cemhan Biricik***

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all counsel of record, and that I caused a copy to be served on Defendant Cemhan Biricik by first-class mail at his last-known address in Boca Raton, FL 33496, and by electronic communication to ceo@fastlabtech.com. I further certify that on October 15, 2026, I submitted the proposed order through the Court's ECF Proposed Orders utility and emailed a copy to all counsel of record and to Defendant Cemhan Biricik.

Jeff Chabrowe

**JEFFREY CHABROWE, ESQ.**
**LAW OFFICES OF JEFFREY CHABROWE**
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
jeff@chabrowe.com
***Counsel for Cemhan Biricik***